IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PARIS L. BUSH,

                        Plaintiff,
                                        CIVIL ACTION
            vs.                         No. 08-3169-SAC

CAPTAIN POWELL, et al.,

                        Defendants.


ORDER

    Plaintiff proceeds pro se on a civil complaint filed under 42 U.S.C. § 1983 while he was confined in Winfield Correctional Facility in Winfield, Kansas.  Plaintiff has paid the initial partial filing fee assessed by the court under 28 U.S.C. § 1915(b)(1), and is granted leave to proceed in forma pauperis. Plaintiff remains obligated to pay the remainder of the $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

    Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

    In this action plaintiff generally states that Reno County jail officials did not allow plaintiff to take his Bible and four manila envelopes of legal material with him during his transport to a

Kansas Department of Corrections (KDOC) facility in April 2008.  On these allegations, plaintiff seeks damages and injunctive relief to require Reno County officials to allow legal and religious personal property to stay with a prisoner during transport.   The defendants named in the complaint are the Reno County Detention Center and Reno County Detention Center Capt. Powell.[1]

The court first finds the Reno County Detention Center is subject to being summarily dismissed because this is not a proper defendant.  *See*, Marsden v. Federal Bureau of Prisons, 856 F.Supp. 832, 836 (S.D.N.Y. 1994)("jail is not an entity that is amenable to suit"); De La Garza v. Kandiyohi County Jail, 18 Fed.Appx. 436, 437 (8th Cir. 2001)(neither a county jail nor a sheriff's department is a suable entity).

Next, the court finds plaintiff's request for injunctive relief was rendered moot by his transfer from the Reno County facility. *See* Martin v. Sargent, 780 F.2d 1334 (8th Cir. 1985)(claim for injunctive relief moot if no longer subject to conditions).  *See also*, Cox v. Phelps Dodge Corp., 43 F.3d 1345, 1348 (10th Cir. 1994)(declaratory relief subject to mootness doctrine).

And finally, the court finds the complaint is subject to being summarily dismissed because plaintiff's allegations are insufficient to state  a plausible claim upon which relief can be granted under 42 U.S.C. § 1983.

---

[1]Plaintiff additionally cites "Captain Powell's employees, jail staff, [KDOC] transport officers, and Mrs. Ann and Mrs. Angenett," but it is not clear whether these named and unnamed individuals are intended as additional defendants.

To allege a valid claim under 42 U.S.C. § 1983, a plaintiff must assert the denial of a right, privilege or immunity secured by federal law.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970). While a prisoner retains a fundamental right of access to the courts, Lewis v. Casey, 518 U.S. 343, 346 (1996), to state a claim for deprivation of that right he must be able to demonstrate an actual injury that "hindered his efforts to pursue a legal claim." Id. at 351; accord Wardell v. Duncan, 470 F.3d 954 (10th Cir. 2006). Plaintiff in the instant case cites two criminal cases or appeals pending at the time of his transport, but has not asserted or identified how this "hindered his efforts to pursue a legal claim." Lewis, 518 U.S. at 351.

Nor is any cognizable constitutional claim evident in plaintiff being temporarily deprived of his Bible and other personal property during transport.   Because plaintiff alleges no atypical or significant deprivation of his property sufficient to trigger the protections of the Due Process Clause, Sandin v. Conner, 515 U.S. 472 (1995), his allegations present no claim upon which plaintiff can seek relief under 42 U.S.C. § 1983.

The court thus directs plaintiff to show cause why the complaint should not be summarily dismissed as stating no claim for relief.   See 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").  The failure to file a timely response may result in the

complaint being dismissed for the reasons stated herein, and without further prior notice to plaintiff.[2]

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, and that payment of the remainder of the $350.00 district court filing fee is to proceed as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed as stating no claim for relief.

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel (Doc. 7) is denied without prejudice.

**IT IS SO ORDERED.**

DATED:  This 10th day of February 2009 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[2]Plaintiff's motion for appointment of counsel is denied without prejudice.  Plaintiff has no right to the assistance of counsel in this civil action.  Durre v. Dempsey, 869 F.2d 543, 647 (10th Cir. 1989).  Having reviewed petitioner's claims, his ability to present said claims, and the complexity of the legal issues involved, the court finds the appointment of counsel in this matter is not warranted.  See Long v. Shillinger, 927 F.2d 525, 526-27 (10th Cir. 1991)(factors to be considered in deciding motion for appointment of counsel).