```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**PARIS L. BUSH,**

                      **Plaintiff,**

                                                    CIVIL ACTION
       **vs.**                                           No. 08-3169-SAC

**CAPTAIN POWELL, et al.,**

                      **Defendants.**

<u>ORDER</u>

    Plaintiff proceeds pro se and in forma pauperis on a civil complaint filed under 42 U.S.C. § 1983 while he was confined in Winfield Correctional Facility in Winfield, Kansas.

    In this action plaintiff, plaintiff complains of not being allowed to take his Bible and his legal materials with him when he was transported from the Reno County Detention Center (RCDC) in April 2008 to a Kansas Department of Corrections (KDOC) facility, and seeks damages from the county detention facility and from RCDC Capt. Powell. Plaintiff also cited "Captain Powell's employees, jail staff, [KDOC] transport officers, and Mrs. Ann and Mrs. Angenett" in the complaint, but the court found it was unclear whether plaintiff intended these named and unnamed individuals as additional defendants.

    Pursuant to 28 U.S.C. § 1915A, the court reviewed plaintiff's complaint and directed plaintiff to show cause why the complaint should not be summarily dismissed as stating no claim for relief because the Reno County facility was not a proper defendant, and

because plaintiff's allegations failed to demonstrate that he suffered any actual prejudice from the temporary deprivation of his legal materials, or that the deprivation of his Bible during transport violated his constitutional rights.

In response, plaintiff amends the complaint[1] to clarify that he is naming KDOC transport officers Ann Beurg and Anngenet Ortiz as defendants, and claims these individuals did not allow plaintiff to keep his legal and personal property with him during his transport. Plaintiff also contends he was permanently rather than temporarily denied his legal materials during his KDOC confinement, and that the absence of these materials caused him to accept a plea agreement on pending Reno County drug charges.

Having reviewed plaintiff's response which centers on him not being allowed to keep his legal materials with him during transport from county to state custody, the court continues to find this action should be summarily dismissed as stating no claim for relief under 42 U.S.C. § 1983 against any defendant.

Plaintiff's acceptance of a plea agreement on pending criminal charges on which he was sentenced in August 2008 does not constitute a plausible factual or legal basis for establishing that any defendant's refusal to allow plaintiff to carry his legal materials with him some four months earlier prevented plaintiff from being able to file or pursue a nonfrivolous legal claim. Lewis v. Casey,

---

[1] Under Rule 15(a) of the Federal Rules of Civil Procedure, plaintiff may amend his complaint "once as a matter of course" prior to defendants filing their response to the complaint.

518 U.S. 343, 349-55 (1996). Although plaintiff points out that his defense counsel withdrew at an unspecified date in the pending criminal case, to the extent plaintiff implies he was thereby entitled to uninterrupted access to his legal materials to research and prepare pleadings in his criminal proceeding is mistaken. *See e.g.,* Kane v. Garcia Espitia, 546 U.S. 9 (2005)(no Sixth Amendment right of access to law library by pro se criminal defendant). While plaintiff alleges he was never provided access to his legal materials once in KDOC custody, there remains no factual basis for finding this continuing deprivation while in KDOC custody was caused by any defendant's refusal to allow plaintiff to maintain custody of his legal materials during his transport from the county detention center to a state correctional facility.[2]

The court thus concludes the complaint should be dismissed because plaintiff's allegations, even when taken as true and liberally construed in plaintiff's favor, fail to provide a sufficient factual basis to plausibly state a claim of constitutional deprivation for the purpose of seeking relief under 42 U.S.C. § 1983. *See* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, __, 127 S.Ct. 1955, 1974 (2007).[3]

---

[2]Nor is the deprivation alleged by plaintiff sufficient to demonstrate "an atypical and significant hardship ... in relation to the ordinary incidents of prison life" for the purpose of triggering the protections of the Due Process Clause, Sandin v. Connor, 515 U.S. 472, 485 (1995), as plaintiff contends in his response.

[3]This decision abrogated the longstanding standard in Conley v. Gibson, 355 U.S. 41, 45-46 (1967), that a Rule 12(b)(6) motion should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief.

Plaintiff's renewed request for appointment of counsel, and for additional time to raise new issues arising in his discovery requests for the production of documents, are denied.

IT IS THEREFORE ORDERED that the complaint as amended by plaintiff to name two additional defendants is dismissed as stating no claim for relief, 28 U.S.C. § 1915(e)(2)(B)(ii), and that plaintiff's requests for appointment of counsel and for additional time to pursue discovery to raised additional claims are denied.

**IT IS SO ORDERED.**

DATED:  This 8th day of April 2009 at Topeka, Kansas.

                                  s/ Sam A. Crow
                                  SAM A. CROW
                                  U.S. Senior District Judge